IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RICHARD J. PINKSTON, JR.,   )
AIS #296755,       )
           )
   Plaintiff,    )
           )
  v.        )  CASE NO. 2:15-CV-29-WKW
           )    [WO]
           )
JOHN WILLIAMS,     )
           )
   Defendant.   )

# RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION

In this 42 U.S.C. § 1983 action, Richard J. Pinkston, Jr. ("Pinkston"), an indigent inmate, challenges conditions at the Lowndes County Jail.  Specifically, Pinkston alleges that during his previous confinement at the jail he was refused physical access to a law library, denied medical attention and deprived of a daily exercise period. *Complaint - Doc. No. 1* at 1.  Pinkston names John Williams, the Sheriff of Lowndes County, Alabama, as the sole defendant in this cause of action.  Pinkston seeks transfer to the state prison system and monetary damages for the alleged violations of his constitutional rights. *Id*. at 2.[1]

The defendant filed a special report and supporting evidentiary materials addressing

---

[1] Since filing the instant complaint, Pinkston has been transferred to the custody of the Alabama Department of Corrections and is now incarcerated at the Childersburg Work Release Center.

Pinkston's claims for relief. In these documents, the defendant argues that this case is due to be dismissed because prior to filing this cause of action Pinkston failed to properly exhaust an administrative remedy available to him at the Lowndes County Jail with respect to the claims presented in the complaint. *Defendant's Special Report - Doc. No. 16* at 7-9. The defendant bases his exhaustion defense on the plaintiff's failure to file a grievance regarding the claims raised in the complaint.

"[A]n exhaustion defense ... is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Bryant v. Rich*, 530 F.3d 1368, 1374-1375 (11th Cir. 2008) (internal quotations omitted); *Trias v. Florida Dept. of Corrections*, 587 Fed. Appx. 531, 534 (11th Cir. 2014) (District court properly construed defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies...."). Therefore, the court will treat the defendants' report as a motion to dismiss.

## II.  STANDARD OF REVIEW

In addressing the requirements of 42 U.S.C. § 1997e with respect to exhaustion, the Eleventh Circuit has

> recognized that "[t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court." *Higginbottom v. Carter,* 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (quoting *Freeman v. Francis,* 196 F.3d 641, 643-44 (6th Cir. 1999)). This means that "until such administrative remedies as are available are exhausted," a prisoner is precluded from filing suit in federal court. *See id.* (affirming dismissal of prisoner's civil rights suit for failure to satisfy the mandatory exhaustion

requirements of the PLRA); *Harris v. Garner,* 190 F.3d 1279, 1286 (11th Cir. 1999) ("reaffirm[ing] that section 1997e(a) imposes a mandatory requirement on prisoners seeking judicial relief to exhaust their administrative remedies" before filing suit in federal court), *modified on other grounds,* 216 F.3d 970 (11th Cir. 2000) (en banc); *Miller v. Tanner,* 196 F.3d 1190, 1193 (11th Cir. 1999) (holding that under the PLRA's amendments to § 1997e(a), "[a]n inmate incarcerated in a state prison ... must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983"); *Harper v. Jenkin,* 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (affirming dismissal of prisoner's civil suit for failure to satisfy the mandatory exhaustion requirements of § 1997e(a)); *Alexander v. Hawk,* 159 F.3d 1321, 1328 (11th Cir. 1998) (affirming dismissal of prisoner's *Bivens* action under § 1997e(a) for failure to exhaust administrative remedies prior to filing suit in federal court).

*Leal v. Georgia Dept. of Corrections*, 254 F.3d 1276, 1279 (11th Cir. 2001). The Court has therefore determined that "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case. *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004). Because exhaustion is mandated by the statute, [a court has] no discretion to waive this requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998)." *Myles v. Miami-Dade County Correctional and Rehabilitation Dept.*, 476 Fed. Appx. 364, 366 (11th Cir. 2012). Based on the foregoing, the court will "resolve this issue first." *Id.*

"When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. 'If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be

3

dismissed.' *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir.2008) (citing *Bryant,* 530 F.3d at 1373–74). If the complaint is not subject to dismissal at this step, then the court should make 'specific findings in order to resolve the disputed factual issues related to exhaustion.' *Id.* (citing *Bryant,* 530 F.3d at 1373-74, 1376)." *Myles*, 476 Fed. Appx. at 366. Consequently, a district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. *See* [*Turner*, 541 F.3d at 1082]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record. *Bryant*, 530 F.3d at 1376." *Trias*, 587 Fed. Appx at 535. Based on the foregoing, the Eleventh Circuit specifically rejected the argument that "disputed facts as to exhaustion should be decided by a jury." *Id*. at 3.

Upon review of the complaint, the defendant's special report and the evidentiary materials filed in support thereof, the court concludes that the defendant's motion to dismiss is due to be granted.

### III.  DISCUSSION

Pinkston challenges conditions to which he was previously subjected at the Lowndes County Jail.  In response to the complaint, the defendant asserts that this case is subject to dismissal because Pinkston failed to exhaust the administrative remedy provided at the Lowndes County Jail prior to filing this complaint as required by the Prison Litigation

4

Reform Act, 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2006). Moreover, "the PLRA exhaustion requirement requires ***proper exhaustion***." *Woodford*, 548 U.S. at 93, 126 S.Ct. at 2387 (emphasis added). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require

proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." 548 U.S. at 90-91, 93, 126 S.Ct. at 2386-2387. The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement ... by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to her. 548 U.S. at 83-84, 126 S.Ct. at 2382; *Bryant*, 530 F3d at 1378 ("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'"); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom*, 223 F.3d at 1261 (inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement). "***The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint***." *Smith v. Terry*, 491 Fed. Appx. 81, 83 (11th Cir. 2012) (per curiam) (emphasis added).

It is undisputed that the Lowndes County Jail provides an administrative remedy for

inmate complaints in the form of an inmate grievance procedure.  *Defendant's Exhibit B -*
*Doc. No. 16-4* at 21.  The grievance procedure allows an inmate to submit grievances to
jail personnel with respect to matters/conditions occurring at the jail.  The grievance
procedure provides that an inmate "must first attempt to resolve a grievance on a informal
basis" and, if unsuccessful, may then file a formal grievance on a request form on which
the inmate identifies the form as a grievance.  *Id*.  In addition, the inmate must

> [d]escribe the situation and nature of the grievance as completely as possible,
> and submit the form to Jail Staff.  It will be forwarded to the Jail Sergeant for
> review.  The Jail Sergeant will determine whether the grievance has merit,
> what steps (if any) will be taken, and respond to the inmate.  If the inmate is
> not satisfied with the decision, then he/she may file and "appeal" with the Jail
> Captain.  The Captain will further review the matter, make a determination,
> and respond to the inmate.  Group grievances or grievances submitted on
> behalf of other inmates are not permitted.  Grievances or appeals containing
> threats, profanity or provocative language are not accepted; these are
> discarded.  Abuse of the grievance process or employing it to create a
> nuisance will not be tolerated.

*Id*.

Upon review of the argument set forth by the defendant, the court entered an order
which provided Pinkston an opportunity to file a response to the exhaustion defense in
which he was advised to address "the defendant's argument that ... [h]is claims are due to
be dismissed because he failed to exhaust his available administrative remedies as required
by 42 U.S.C. § 1997e(a)" prior to filing this federal civil action.  *Order of May 4, 2015 -*
*Doc. No. 17* at 1 (footnote omitted).  The time allowed Pinkston to file his response to this

order expired on May 20, 2015.  *Id*. at 2.  As of the present date, Pinkston has filed no response to this order.

The evidentiary materials filed by the defendant demonstrate that Pinkston failed to file the requisite grievance prior to initiation of this federal civil action, a precondition to proceeding in this court on his claims.  Pinkston does not dispute his failure to exhaust the administrative remedy available to him at the Lowndes County Jail.  In addition, there is nothing before the court which justifies Pinkston's failure to exhaust the grievance procedure provided by the Lowndes County Jail.

The administrative remedy provided by the defendants is no longer available to Pinkston.  Under these circumstances, dismissal with prejudice is appropriate.  *Bryant*, 530 F.3d at 1375 n.1; *Johnson*, 418 F.3d at 1157; *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Kerik*, 366 F.3d 85, 88 (2nd Cir. 2004) (footnotes omitted) (inmate's "federal lawsuits ... properly dismissed with prejudice" where previously available administrative remedies had become unavailable).

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendant's motion to dismiss be GRANTED to the extent the defendant

seeks dismissal of this case due to the plaintiff's failure to properly exhaust an administrative remedy available to him at the Lowndes County Jail prior to filing this federal civil action.

2.  This case be dismissed with prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for the plaintiff's failure to properly exhaust an administrative remedy available to him at the Lowndes County Jail.

It is further

ORDERED that on or before June 30, 2015 the parties may file objections to the Recommendation.   Any objection must specifically identify the findings in the Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the

former Fifth Circuit issued prior to September 30, 1981.

Done this 16th day of June, 2015.

_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE